# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

2/27/2014

RE:     MARTINIS HOLLAND V. STEVEN A. GLUNT ET AL.
          CA No. 12-4504

## NOTICE

Enclosed herewith please find a copy of the Report and Recommendation filed by United States Magistrate Judge Rice, on this date in the above captioned matter. You are hereby notified that within fourteen (14) days from the date of service of this Notice of the filing of the Report and Recommendation of the United States Magistrate Judge, any party may file (in duplicate) with the clerk and serve upon all other parties written objections thereto (See Local Civil Rule 72.1 IV (b)). **Failure of a party to file timely objections to the Report & Recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court Judge.**

In accordance with 28 U.S.C. §636(b)(1)(B), the judge to whom the case is assigned will make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The judge may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge, receive further evidence or recommit the matter to the magistrate judge with instructions.

Where the magistrate judge has been appointed as special master under F.R.Civ.P 53, the procedure under that rule shall be followed.

                                                  MICHAEL E. KUNZ
                                                  Clerk of Court

                                                  By: _____
                                                      John Arrow, Deputy Clerk

cc:      Courtroom Deputy to Judge Savage
          Holland
          Goldsborough

civ623.frm
(11/07)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARTINIS HOLLAND, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | No. 12-4504 |
| | : | |
| STEVEN A. GLUNT, et al., | : | |
| Respondents. | : | |



**REPORT AND RECOMMENDATION**

TIMOTHY R. RICE                                                                            February 26, 2014
U.S. MAGISTRATE JUDGE

    Petitioner Martinis Holland, a prisoner at the State Correctional Institution in Houtzdale, Pennsylvania, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. I respectfully recommend that Holland's claims be denied with prejudice as non-cognizable, procedurally defaulted, and meritless.

FACTUAL AND PROCEDURAL HISTORY

    In April 2006, Holland was tried by a Philadelphia jury for sexual assaults on his minor son, Rr. W., and his minor stepson, Rk. W. See 7/12/2007 Tr. Ct. Op. at 2-3. The evidence included: (a) testimony from both children about Holland's separate sexual assaults against them in or around 2000 and their failure to immediately report the incidents because they feared they would be beaten by Holland and their mother; (b) testimony from the boys' aunt about their first complaints concerning the assaults in 2004 after their mother's death; (c) testimony and stipulations about Holland's sexual assault of the victims' younger sister in early 2000, his arrest for that incident in mid-2000, and his convictions; (d) testimony from a psychologist about her interviews of Rr. W. and Rk. W. in 2004; and (e) Holland's testimony, in which he admitted to sexually assaulting the boys' sister, but denied assaulting the boys. N.T. 4/18/2006 at 53-113;

N.T. 4/19/2006 at 32-273; N.T. 4/20/2006 at 5-80.

On April 20, 2006, the jury convicted Holland of one count of involuntary deviate sexual intercourse and incest, and two counts of indecent assault and endangering the welfare of a child. See N.T. 4/20/2006 at 201-04; Commonwealth v. Holland, CP-51-CR-0900081-2005, Crim. Dkt. at 9-12. Following an October 6, 2006 Megan's Law hearing, the trial court declared Holland a sexually violent predator based on the Commonwealth's expert's testimony. See N.T. 10/6/2006 at 99-100. The court sentenced Holland to an aggregate term of 27 to 54 years of imprisonment. See id. at 134-39.

On April 30, 2008, the Pennsylvania Superior Court affirmed, and on January 6, 2009, the Pennsylvania Supreme Court denied review. See 8/16/2010 Tr. Ct. Op. at 1, Crim. Dkt. at 17. On August 20, 2009, Holland filed a pro se petition based on Pennsylvania's Post-Conviction Relief Act, 42 Pa. C.S. § 9524 et seq. ("PCRA"). See 8/16/2010 Tr. Ct. Op. at 1; Crim. Dkt. at 17. The PCRA court appointed counsel, who concluded Holland's claims were meritless and sought leave to withdraw. See Crim. Dkt. at 17-18; 2/26/2010 Letter to Judge Byrd. The PCRA court granted counsel's request and dismissed Holland's PCRA petition. See id. at 18. On December 16, 2011, the Superior Court affirmed, and on May 16, 2012, the Supreme Court denied review. See id. at 19-20.

In August 2012, Holland timely filed his habeas petition, alleging: (1) the trial court erred in allowing prior bad act evidence; (2) the trial court erred in allowing the admission of hearsay statements by the victims; (3) trial counsel was ineffective for failing to call character witnesses; (4) trial counsel was ineffective for failing to discover and present mitigating circumstances during his sentencing hearing; and (5) trial counsel was ineffective for failing to request a court-appointed psychological expert. See Habeas Pet. (doc. 1) at 9 (front and back).

DISCUSSION

Habeas review "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a). "The federal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Taylor v. Horn, 504 F.3d 416, 448 (3d Cir. 2007) (quoting Geschwendt v. Ryan, 967 F.2d 877 (3d Cir. 1992)).

Before seeking federal habeas relief, a petitioner must exhaust all available state court remedies, "thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations omitted); see also § 2254(b)(1). The petitioner must "fairly present his claim in each appropriate state court . . . alerting that court to the federal nature of the claim." Baldwin, 541 U.S. at 29. If a petitioner has failed to exhaust his state court remedies and the state court would now refuse to review the claim for some procedural reason, the claim may be denied as procedurally defaulted. See Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991). A habeas claim also may be procedurally defaulted if the petitioner presented it to the state court, but the state court refused to address it on its merits based on "a state-law ground that 'is independent of the federal question and adequate to support the judgment.'" Cone v. Bell, 556 U.S. 449, 465 (2009) (citations omitted).

A procedurally defaulted claim may be considered only if a petitioner demonstrates: (1) a legitimate cause for the default and actual prejudice from the alleged constitutional violation; or (2) a fundamental miscarriage of justice from a failure to review the claim. Coleman, 501 U.S. at 750. To establish a fundamental miscarriage of justice, a petitioner must present "new reliable evidence" of his actual innocence, such as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." Schlup v. Delo, 513 U.S. 298, 321-24

3

(1995).

If a claim is not procedurally defaulted and the state court has denied it on its merits, a federal court can grant relief on the claim only if the state court's decision: (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d). This is a "difficult to meet and highly deferential standard . . . which demands that state-court decisions be given the benefit of the doubt." Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011). Where the petitioner cannot meet this burden, his claim must be denied as meritless.

I.      Prior Bad Act Evidence

Holland argues that the trial court erred in allowing evidence about his sexual assault of his daughter because such evidence was inadmissible under evidentiary rules and the danger of unfair prejudice outweighed its probative value. This claim is non-cognizable, procedurally defaulted, and meritless.

Because this claim concerns an alleged state court evidentiary error, it is cognizable only if Holland can show that the alleged error deprived him of a fundamentally fair trial in violation of federal due process. See Estelle, 502 U.S. at 72 (only question is whether the alleged error "by itself so infected the entire trial that the resulting conviction violates due process"); Bisaccia v. Attorney Gen. of N.J., 623 F.2d 307, 312 (3d Cir. 1980) ("evidentiary errors of state courts are not considered to be of constitutional proportion, cognizable in federal habeas corpus proceedings, unless the error deprives a defendant of fundamental fairness in his criminal trial") (citing Donnelly v. DeChristoforo, 416 U.S. 637, 642-43 (1974)).

Holland does not contend that the state court's alleged evidentiary error violated due

4

process. See Habeas Pet. at 9. Even if his claim was liberally construed to include such an argument, he did not clearly present it to the state courts. See Holland's Oct. 2007 Br. to Super. Ct. (Ex. A to Def. Resp. (doc. 12-1)) at 21-28; see also Haines v. Kerner, 404 U.S. 519, 520 (1972) (liberally construing pro se pleadings). Rather, in appealing the admission of this evidence, Holland solely relied on the Pennsylvania Rules of Evidence and Pennsylvania case law. See Holland's Oct. 2007 Br. to Super. Ct. (Ex. A to Def. Resp. (doc. 12-1)) at 21-28. Although he noted that "Federal Law" also limits the admission of prior bad act evidence, he failed to cite to the United States Constitution or his federal due process rights.[1] See id. Holland, therefore, "did not give the state courts 'fair notice' that he was asserting a federal constitutional claim rather than a claim that the trial court violated state rules of evidence." Keller v. Larkins, 251 F.3d 408, 414 (3d Cir. 2001).

Holland also cannot return to state court to raise this claim because the time has expired on his right to bring a direct appeal and a PCRA petition. See Pa. R.A.P. 903 (allowing one right to appeal to Superior Court within 30 days of trial court's final order); 42 Pa. C.S. § 9545(b)(1) (requiring PCRA petition to be filed within one year of final judgment). Thus, this claim is procedurally defaulted. See Coleman, 501 U.S. at 735 n.1. Moreover, review is not warranted despite the default because Holland fails to show cause for the default or that there would be a fundamental miscarriage of justice if the claim is not reviewed.

Even if this claim were not defaulted, it should be denied as meritless because I find, based on my de novo review, that the admission of this evidence did not deprive Holland of a

---

[1] Holland also referred to the Federal Rules of Evidence solely in a footnote for the purpose of distinguishing the federal rules from the state rules. See also Holland's Oct. 2007 Br. to Super. Ct. at 22 n.6 (explaining that federal rules are more lax in permitting prior bad acts evidence).

5

fundamentally fair trial. See Bisaccia, 623 F.2d at 312; Dowling v. United States, 493 U.S. 342, 352-53 (1990) (alleged action must violate "those fundamental conceptions of justice which lie at the base of our civil and political institutions, and which define the community's sense of fair play and decency") (citing United States v. Lovasco, 431 U.S. 783, 790 (1977)). Although evidence of other crimes, wrongs, or acts is inadmissible to prove a defendant's character, such evidence may be admitted to establish "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Pa. R. Evid. 404. Similarly, if other bad acts were committed under similar circumstances and within a similar time period, evidence of such acts may be admitted to show a common scheme or purpose. See Nye & Nissen v. United States, 336 U.S. 613, 618 (1974); United States v. DeMuro, 677 F.3d 550, 563 (3d Cir. 2012); Commonwealth v. Einhorn, 911 A.2d 960, 967-68 (Pa. Super. 2006).

There were many similarities between Holland's assault of his daughter and his assaults on the victims. The assaults were performed: (a) in a similar way; (b) on minors in Holland's family; (c) in the same house; and (d) around the same time period. N.T. 4/18/2006 at 64-65; N.T. 4/19/2006 at 52-60, 204-07. The trial court, therefore, properly concluded that this evidence was permissible to establish a common scheme or plan by Holland, as well as Holland's intent and opportunity. See 7/12/2007 Tr. Ct. Op. at 9-10; Nye & Nissen, 336 U.S. at 618; DeMuro, 677 F.3d at 563; Einhorn, 911 A.2d at 967-68; see also Commonwealth v. Luktisch, 80 A.2d 877, 879 (Pa. Super. 1996) (testimony of prior sexual abuse on other children in same family was relevant to demonstrate a common scheme).

In addition, contrary to Holland's claims, the probative value of this evidence was not outweighed by the danger of unfair prejudice. See Pa. R. Evid. 403. The evidence was offered for a proper purpose under the Pennsylvania Rules of Evidence and relevant to the offenses

6

lodged against Holland. The trial court also specifically instructed the jury that it could consider this evidence only for the limited purposes of showing a common scheme or plan, intent, and the history of the case, and not to establish that Holland had a propensity to commit assaults. See N.T. 4/20/2006 at 180; Huddleston v. United States, 485 U.S. 681, 691-92 (1988) (courts may protect against unfair prejudice from prior bad act evidence by ensuring that evidence is offered for a proper purpose, relevant, not unduly prejudicial, and applying a limiting instruction). A jury is presumed to follow such instructions. See Francis v. Franklin, 471 U.S. 307, 324 n.9 (1985) (absent extraordinary circumstances, it must be assumed "that jurors carefully follow instructions"). This claim should be denied.

II.   Hearsay Evidence

Holland argues that the trial court erred in allowing the victims' aunt to describe the victims' initial complaints concerning the assaults. This claim also is non-cognizable, procedurally defaulted, and meritless.

Holland does not argue in his habeas petition, and did not argue before the state courts, that admitting the victims' statements to their aunt violated due process. See Habeas Pet. at 9; Holland's Oct. 2007 Br. to Super. Ct. at 28-33. Rather, he has based this claim solely on an alleged violation of state law. See Habeas Pet. at 9 (arguing that statements were not "prompt complaints" or admissible under state "tender years" statute); Holland's Oct. 2007 Br. to Super. Ct. at 28-33 (citing only state rules of evidence and case law). This claim, therefore, is not cognizable and, because Holland can no longer present it to the state courts, procedurally defaulted. See supra p. 5; Coleman, 501 U.S. at 735 n.1. Moreover, Holland does not offer any cause for the default or allege that there would be a fundamental miscarriage of justice so as to justify review despite the default. See Habeas Pet. at 9.

7

This claim is meritless because my de novo review establishes that the admission of the victims' complaints did not deprive Holland of a fundamentally fair trial. In sexual assault cases involving a minor, a court may admit extrinsic statements showing that the minor complained about the sexual assault and "so much of the complaint as will identify the occurrence complained of with the crime charged." Commonwealth v. Krick, 67 A.2d 746, 750 (Pa. Super. 1949); see also Commonwealth v. Freeman, 441 A.2d 1327, 1331 (Pa. Super. 1982). Pennsylvania law also permits the admission of out-of-court statements describing a sexual assault if: (a) they were made by a victim under the age of 12; (b) the victim testifies at the proceeding; and (c) the court finds, in an in-camera hearing, that the statements are relevant and reliable. See 42 Pa. C.S. § 5985.1.

Here, the aunt's testimony concerned the victims' initial complaints about the assault. See N.T. 4/18/2006 at 83-86. Although the complaints were made several years after the assaults, this did not make them inadmissible. See Krick, 67 A.2d at 749-50. Rather, the delay was a factor considered by the jury in assessing the credibility of the victims' statements. See id. To the extent that the aunt's testimony went beyond simply identifying the victims' complaints, such testimony was lawful. See 42 Pa. C.S. § 5985.1. The victims were under the age of 12 when they reported Holland's assaults to their aunt, and each testified during the trial. See N.T. 4/18/2006 at 79; N.T. 4/19/2006 at 70-98, 176-246. Although the trial court did not hold an in-camera hearing regarding the relevance and reliability of the statements, Holland failed to challenge that procedure. See N.T. 4/18/2006 at 83-84. The trial court also later explained that it found the victims' statements relevant and reliable because the victims repeated them at least three times after they made them to their aunt: to a forensic interviewer, at Holland's preliminary hearing, and during the trial. See 7/12/2007 Tr. Ct. Op. at 11. In addition, the aunt's testimony

was cumulative of other detailed testimony presented by the victims about the assaults. See N.T. 4/19/2006 at 52-61, 70-75 (Rr. W.'s testimony about assaults and reports to aunt); N.T. 4/19/2006 at 200-11 (Rk. W.'s testimony about assaults and reports to aunt).

Admitting the victims' initial complaints did not violate Holland's right to due process. See Bisaccia, 623 F.2d at 312; Dowling, 493 U.S. at 352-53. This claim should be denied.

III.     Failure to Call Character Witnesses

Holland argues he was denied effective assistance based on trial counsel's failure to call character witnesses. This claim is meritless.

Clearly established federal law governing ineffectiveness claims is set forth in the two-part test of Strickland v. Washington, 466 U.S. 688 (1984). "First, the defendant must show counsel's performance was deficient," meaning "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Strickland, 466 U.S. at 687. "Second, the defendant must show the deficient performance prejudiced the defense," meaning "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. "Unless a defendant makes both showings, it cannot be said that the conviction or . . . sentence resulted from a breakdown in the adversary process that renders the result unreliable."[2] Id.

Review of ineffectiveness claims is "doubly deferential when it is conducted through the

---

[2]     Pennsylvania essentially applies the same test for ineffectiveness assistance of counsel as the federal courts. See Werts v. Vaughn, 228 F.3d 178, 203 (3d Cir. 2000); Commonwealth v. Sneed, 899 A.2d 1067, 1076 (Pa. 2006) (To prove counsel ineffectiveness, a petitioner must show: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interest; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different.").

lens of federal habeas." Yarborough v. Gentry, 540 U.S. 1, 6 (2003). Therefore, if the state court addressed counsel's ineffectiveness, a habeas petitioner must show the state court's decision was objectively unreasonable. Woodford v. Visciotti, 537 U.S. 19, 25 (2002). "[I]t is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly." Bell v. Cone, 535 U.S. 685, 698-99 (2002).

The PCRA court reasoned that Holland's ineffectiveness claim was meritless because "[a]ny positive character witnesses on defendant's behalf would have . . . been inconsistent with [Holland's] previous conviction [for the sexual assaults against his minor daughter], and in all likelihood, would not have weakened the Commonwealth's case." 8/16/2010 PCRA Ct. Op. at 5. The Superior Court agreed, noting that Holland had failed to: (1) attach "any affidavits or other documentation from anyone demonstrating a willingness to testify;" or (2) provide "any information regarding the substance of the proposed testimony." 12/16/2011 Super. Ct. Op. at 5-6. The Superior Court further explained that although another one of Holland's sons, Malik, was present at the sentencing, he informed trial counsel that he did not want to testify on Holland's behalf. See id. at 6 n.2.

The state court decisions were objectively reasonable under Strickland. Holland could not show that his counsel committed a serious error and prejudice from that alleged error without identifying a character witness who would have been willing to testify on his behalf and explaining what type of testimony could have been presented that would have likely changed the result. See Strickland, 466 U.S. at 687; Corley v. United States, 08-cv-422, 12-cv-2213, 2013 WL 3272411, at *7 (M.D. Pa. June 27, 2013) (petitioner "must make a specific, affirmative showing as to what missing evidence would have been, and prove that this witness's testimony would have produced a different result") (citing Patel v. United States, 19 F.3d 1231, 1237 (7th

Cir. 1994)). Moreover, to the extent that Holland believes that his counsel should have found some family member to be a character witness for him, Holland's son Malik was at the sentencing hearing, Holland's counsel spoke with him, and he refused to speak on Holland's behalf. See N.T. 10/6/2006 at 114-15.

Even if Holland had been able to name a witness, counsel's failure to call such a witness was not a serious error that deprived him of a fair trial. See Bisaccia, 623 F.2d at 312. The Commonwealth would have had the opportunity to fully cross-examine any witness about his or her knowledge of Holland's bad character, including his prior conviction for the sexual assault of his minor daughter and his two prior burglary convictions. See Pa. R. Evid. 404(a) (allowing cross-examination of character witness about specific convictions relevant to character traits). Thus, the state courts' decisions were objectively reasonable, and this claim should be denied. See Strickland, 46 U.S. at 687; Woodford, 537 U.S. at 25; § 2254(d).

IV.   Failure to Look Outside the Record for Mitigating Circumstances

Holland argues trial counsel also was ineffective for failing to look outside of the record for mitigating circumstances to present at sentencing. This claim is meritless.

The PCRA court deemed this claim "of no arguable merit" because Holland's counsel made the "court aware of several mitigating circumstances from outside the record," including that Holland (a) "was 47 years old;" (b) "had an uninvolved, alcoholic father;" (c) "was raised by a single-parent in a high crime area;" (d) "was sexually abused by a step-uncle from the age of seven to ten;" (e) "started abusing drugs and alcohol as a teenager;" (f) "was a high-school drop out who later earned his G.E.D.;" (g) "has had significant contact with the criminal justice system;" (h) "had completed several programs while incarcerated;" and (i) "is HIV positive." 8/16/2010 PCRA Ct. Op. at 5. The PCRA court also noted that Holland's counsel had "argued

11

that [Holland's] substance abuse and criminal involvement were an outgrowth of the sexual abuse he suffered as a child." Id. at 5-6. The Superior Court affirmed, stating: "[t]he record reflects that counsel mounted a vigorous defense at sentencing, making the trial court aware of several mitigating circumstances." 12/16/2011 Super. Ct. Op. at 6.

Because the sentencing transcript shows that Holland's counsel presented numerous mitigating circumstances from outside the record on Holland's behalf, the trial courts' denial of his Strickland claim was objectively reasonable. See N.T. 10/6/2006 at 107-12 (informing court about Holland's age and difficult childhood, including sexual abuse by a family member, Holland's long-term alcohol and drug abuse, criminal history, health problems, and positive record in prison). Thus, this claim should be denied as meritless. See Woodford, 537 U.S. at 25; see also § 2254(d).

V.     Failure to Request a Court Appointed Expert

Holland finally argues that he was denied effective assistance of counsel because counsel failed to request a court-appointed psychological expert. This claim is meritless and non-cognizable.

The PCRA court found this issue meritless because there was a reasonable basis for counsel's decision not to call an expert, and because it was "unlikely the outcome of the proceeding would have been any different had trial counsel brought its own expert." 8/16/2010 PCRA Ct. Op. at 6. The court explained that Holland's counsel "conducted a rigorous, in-depth cross-examination of the Commonwealth's expert witness." Id. The court further noted that Holland's counsel "was well-versed in the area of sexual offender evaluations, including technical terminology used by the expert, and even introduced him to three relevant studies to highlight the drastically decreased likelihood of recidivism after the age of sixty." Id.

12

The Superior Court concluded this claim was not a cognizable PCRA claim because it did not relate to Holland's conviction or sentence, but rather solely related to the trial court's determination that he was a sexually violent predator. See id. at 6-7.

The record shows that Holland's trial counsel performed a lengthy cross-examination of the Commonwealth's expert, questioning him about several scientific studies concerning sexually violent criminals. See N.T. 10/6/2006 at 33-91. Trial counsel also cast doubt on the Commonwealth's expert's direct testimony, by eliciting his concession that: (a) he had previously concluded that Holland was not a sexually violent predator; (b) Holland's diagnoses could change as he aged; (c) Holland was not sexually violent toward strangers; (d) he could not say for certain whether Holland was likely to re-offend; and (e) according to one scientific study, Holland would be unlikely to re-offend upon his release from prison after the age of 60. See id. Given this extensive cross-examination, it was objectively reasonable for the PCRA court to conclude that Holland's Strickland claim was meritless.

This claim also is non-cognizable because trial counsel's alleged ineffectiveness did not result in Holland being in "custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). Rather, it resulted only in him having to register under state laws as a sexually violent predator. See N.T. 10/6/2006 at 138; 42 Pa. C.S. § 9799.15. Such registration requirements fail to constitute "custody" for purposes of a habeas petition. See Virsnieks v. Smith, 521 F.3d 707, 720 (7th Cir. 2008); Henry v. Lungren, 264 F.3d 1240, 1241-42 (9th Cir. 1999); Cravener v. Cameron, 08-cv-1568, 2010 WL 235119, at *4 (W.D. Pa. Jan. 15, 2010); Story v. Dauer, 08-cv-1682, 2009 WL 416277, at *1 (W.D. Pa. Feb. 18, 2009); Coleman v. Arpaio, 09-cv-6308, 2010 WL 1707031, at *1-3 (D.N.J. Apr. 27, 2010).

Thus, this claim should be denied as meritless and non-cognizable.

13

## RECOMMENDATION

AND NOW, on February 26, 2014, it is respectfully recommended that the petition for writ of habeas corpus be DENIED with prejudice. It is further recommended that there is no probable cause to issue a certificate of appealability.[3] Petitioner may file objections to this Report and Recommendation within fourteen days after being served with a copy. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights. See Leyva, 504 F.3d at 364.

BY THE COURT:

/s/ Timothy R. Rice
TIMOTHY R. RICE
U.S. MAGISTRATE JUDGE

---

[3] Because jurists of reason would not debate my recommended procedural or substantive dispositions of the petitioner's claims, no certificate of appealability should be granted. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

14

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARTINIS HOLLAND, | : | CIVIL ACTION |
| Petitioner, | : | |
| v. | : | |
| STEPHEN A. GLUNT, et al., | : | No. 12-4504 |
| Respondent. | : | |

## ORDER

**TIMOTHY J. SAVAGE, J.**

AND NOW, this          day of                   , 2014, upon careful and independent consideration of the petition for a writ of habeas corpus, and after review of the Report and Recommendation of United States Magistrate Judge Timothy R. Rice, IT IS ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED;

2. The petition for a writ of habeas corpus is DENIED with prejudice;

3. There is no probable cause to issue a certificate of appealability; and

4. The Clerk of the Court shall mark this case closed for statistical purposes.

BY THE COURT:

_____
TIMOTHY J. SAVAGE
U.S. DISTRICT COURT JUDGE